**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-1825**

---

ALBA ELSY CHACON-SORTO,

Petitioner,

versus

ALBERTO R. GONZALES, United States Attorney
General,

Respondent.

---

On Petition for Review of an Order of the
Board of Immigration Appeals
(A98-122-648)

---

Submitted: June 18, 2007          Decided:  July 10, 2007

---

Before WILLIAMS, Chief Judge, NIEMEYER, Circuit Judge, and
HAMILTON, Senior Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

David Goren, LAW OFFICE OF DAVID GOREN, Silver Spring, Maryland,
for Petitioner.  Peter D. Keisler, Assistant Attorney General,
Linda S. Wernery, Assistant Director, Angela N. Liang, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alba Elsy Chacon-Sorto, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

We have reviewed the administrative record and the immigration judge's decision and find that substantial evidence supports the ruling that Chacon-Sorto failed to establish a nexus between any alleged persecution and a protected ground as necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2006) (stating that burden of proof is on alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). Moreover, as Chacon-Sorto cannot sustain her burden on the asylum claim, she cannot establish her entitlement to withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum—even though the facts that must be proved are the same—an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

We also find that Chacon-Sorto fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than

not that he or he would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2004). Chacon-Sorto fails to make this requisite showing.

Accordingly, we deny the petition for review for the reasons stated by the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED